UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT LEGENDRE, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

NO. 12-94-JJB

## RULING ON MOTION FOR RECONSIDERATION AND MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Reconsideration by the Plaintiffs (Doc. 162) of a Ruling (Doc. 161) granting Motion for Summary Judgment (Doc. 132) filed by Defendant Union Carbide Corporation ("Union Carbide").  Since the Motion for Reconsideration is unopposed, the Court will consider Plaintiff's Opposition (Doc. 162-1), Union Carbide's reply (Doc. 167) and address Summary Judgment.  Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1441. Oral argument is not necessary.

### I. Facts

The Plaintiffs filed this suit against Union Carbide alleging that Robert Legendre was exposed to asbestos-containing products from the premises of Union Carbide's Taft facility and that this exposure caused him to develop mesothelioma, a form of cancer. Mr. Legendre was employed by a contractor, C. Wallace Industies, and worked as a pipefitter on new construction at the Union Carbide facility for six months or less in 1966. The company did not stop using asbestos-containing insulation until mid-1972, approximately six years after Legendre's service at the facility.  The only work he did was pipefitting, which involves fabrication and installation of new piping. He only worked with steel; no insulation was involved. He did no insulation work. He did not handle any insulation. Insulators worked at the facility, during the same shift as Legendre, in the

1

same area as him, but he could not recall the distance of any insulation work being done in proximity to his work.  Lionel Percle, a pipefitter who worked at Taft in the same area and performed the same work as Legendre, testified that, though he could not recall ever working in proximity to Legendre during his time at Taft, the pipefitters used the same scaffolding the insulators used in performing their jobs, and the scaffolding was dusty with insulation dust left on it by the insulators.  The insulators worked in the same area as Percle and Legendre and at the same time, at least, as Percle.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations

and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

### III. Analysis

Union Carbide argues the Plaintiffs have not proven Legendre's work at Union Carbide was a substantial contributing cause of his illness, and it did not owe a legal duty to Legendre.

### A.  Exposure and Causation

Union Carbide argues the Plaintiffs have the burden of proving it was more probable than not that Legendre was exposed to asbestos-containing products attributable to Union Carbide in such a way that he would have ingested the asbestos fibers that came from Union Carbide's premises in concentrations sufficient to cause injury. Union Carbide further argues the Plaintiffs present insufficient evidence of causation to create a genuine issue of material fact as to this issue.  Union Carbide states that the Plaintiffs must satisfy both general causation and specific causation: general causation being "whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." (Doc. 132 p. 12). "When evaluating liability in an asbestos claim, we apply traditional theories of tort liability (for example, negligence and

3

products liability) which require proof of causation." *Quick v. Murphy Oil Co.*, 93-2267, p. 8 (La. App. 4 Cir. 9/20/94); 643 So. 2d 1291, 1294. "Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." *Id.* at 1295. "The effect of exposure to asbestos dust is cumulative, that is, each exposure may result in an additional separate injury." *Borel v. Fibreboard Paper Products Corporation,* 493 F.2d 1076, 1094 (5th Cir. 1973), *cert. denied*, 419 U.S. 86 (1974).  To prove causation against Union Carbide, the Plaintiffs must prove Legendre's exposure to asbestos on Union Carbide's premises was a substantial factor in causing his injury. *Id.* at 1296.

General causation is satisfied as "there is no dispute there is a causal relationship between asbestos exposure and mesothelioma," the disease fatally contracted by Legendre. *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 2010 CA 1552, p. 11 (La. App. 1st Cir. 10/4/11); 77 So.3d 339, 348.  Further, the evidence shows that asbestos was present in the facility while Legendre was working there.

As to specific causation, Plaintiffs present the following evidence to show Legendre was exposed to asbestos on a regular basis at the Taft facility.  Legendre worked at the Union Carbide facility for approximately six months, during which time he worked in the same general area as insulators working with asbestos.  Legendre was a pipefitter doing the same job as Percle, and in the same area.  This allows the inference that like Percle, Legendre was near insulators and was utilizing the scaffolding that was dusty with dust from the insulators.   A reasonable juror could therefore find that Legendre was exposed to asbestos dust during his time at Union Carbide's facility, and

4

that the evidence is sufficient to lead to the conclusion that such exposure was a substantial factor in his injury.   As such, genuine issues of material fact exist and summary judgment is inappropriate.

### B. Duty

Union Carbide makes a number of arguments as to why it did not have a duty toward Legendre.  It argues that the asbestos dust was a temporary condition resulting from construction and it is therefore not an unreasonable risk of harm that renders its premises unreasonably dangerous for purposes of imposing liability.  It also argues that, since it was not in control of the insulators as to the methods of their work, it cannot be held liable for injuries resulting from their actions.  Additionally, it states that it cannot owe a duty to protect a Legendre, an employee of a contractor, from risks inherent in his job.

However, it is clear Union Carbide owed Legendre a duty.  In *Jefferson v. Cooper/T. Smith Corp.*, 2002 2136 (La. App. 4 Cir. 10/1/03); 858 So.2d 691, the court held that a premises owner could be held liable for harm caused by asbestos exposure on its property even if the owner never exercised direct control over the asbestos-containing products. *Id.* at 695-96.  The premises owner had "a duty to exercise reasonable care for the safety of persons on its premises as well as a duty not to expose such persons to unreasonable risks of injury or harm."   The issues existed with respect to the "handling and storage of asbestos on or in [the owner's] premises." *Id.*  The facts of *Jefferson* are analogous to the facts of this case. The authorities cited by the Defendants are not.

The Court will address a few of Union Carbide's arguments to show why they are refuted.  The argument that it is not responsible for risks inherent in a contractor's job does not hold any merit, because Legendre was working as a pipefitter at the Union Carbide facility and handled no insulation with respect to his work.  Asbestos exposure was not a risk inherent in his duties.  Union Carbide's argument that it owed no duty under La. C.C. art. 2322, because the asbestos dust was a result of construction, is without merit because the plaintiffs are not asserting premise liability or ruin claims, but rather, negligence and strict liability claims under La. C.C. art. 2315 and La. C.C. art. 2317.

## IV. Conclusion

Accordingly, the Plaintiffs' Motion for Reconsideration (Doc. 162) is **GRANTED** and Union Carbide Corporation's Motion for Summary Judgment (Doc. 132) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 13, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**