UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT LEGENDRE, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

NO. 12-94-JJB

**RULING ON MOTION TO AMEND AND CERTIFY RULING FOR INTERLOCUTORY REVIEW**

This matter is before the Court on a Motion to Amend and Certify this Court's May 9, 2013 Ruling on Motions for Summary Judgment (Doc. 158) for interlocutory review and to amend that Ruling to state that the conditions for interlocutory review have been met filed by Defendants OneBeacon America Insurance Company, in its capacity as an alleged insurer of James O'Donnell and Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Avondale Industries, Inc.) and its alleged insurer OneBeacon America Insurance Company (collectively, "Huntington Ingalls") (Doc. 168). The Plaintiffs have filed an opposition. (Doc. 175). Oral argument is not necessary. For the reasons herein, the Court DENIES Defendants' Motion. (Doc. 168).

This Court denied Defendants' Motions for Summary Judgment, finding that the Plaintiffs' claims were not pre-empted by the Longshore Harbor Workers Compensation Act ("LHWCA"). (Doc. 158). In its ruling, this Court explained that because Robert Legendre was exposed to asbestos in 1957 and again in 1964 through 1969, his cause of action accrued at that time. The LHWCA did not apply to land-based workers prior to 1972. Thus, because Legendre's cause of action accrued before 1972, the LHWCA is inapplicable and does not pre-empt Plaintiffs' state law survivorship claims. Defendants now seek to have this Court certify its ruling for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

1

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In support of their argument, Defendants reiterate many of the arguments that were presented in support of their motions for summary judgment.

First, Defendants argue that there is a contradiction between two cases decided by Judge Robreno, *Hackler v. P & O Ports Louisiana, Inc.*, 2011 WL 8747108 (E.D. Pa. 2011), and *Jefferson v. American Sugar Refining, Inc.*, 2012 WL 5389926 (E.D. Pa. 2012), and his prior decision in *Becnel v. Anco Insulations, Inc.*, 2011 WL 304866 (E.D. Pa. 2011), which shows a substantial ground for difference of opinion. However, there is no contradiction between the cases, which this Court has already gone to great lengths to explain. Simply put, in *Hackler* and *Jefferson*, the LHWCA did not pre-empt state law claims because the cause of action accrued prior to 1972. In *Becnel*, LHWCA did pre-empt state law claims because the cause of action accrued after 1972. As Judge Robreno explained

> In *Becnel*, this Court found that plaintiff's claims against an executive officer were preempted by the LHWCA. *Becnel* is distinguishable from this case because, in *Becnel*, the plaintiff began working for the defendant in 1970 and thus incurred significant tortious exposures after 1972. Thus, the LHWCA applied to the plaintiff's claims. Here, as all exposures occurred in the early 1960s, the LHWCA does not apply.

Hackler, 2011 WL 8747108, at *1 n. 1.  Thus, there is no contradiction and Judge Robreno's position is clear: if the cause of action accrued prior to 1972, the LHWCA does not pre-empt state law claims.

Next, Defendants revisit their previously raised argument that *Castorina v. Lykes Brothers S.S. Company, Inc.*, 758 F.2d 1025 (5th Cir. 1985) supports their position. However, as

2

this Court has already explained, the Fifth Circuit's reasoning in *Castorina* "only confirms what is stated in *Hackler*, *Jefferson*, and the LHWCA itself—a cause of action under the LHWCA stemming from a long-latency disease accrues when the disease manifests itself." (Doc. 158, at 7). Thus, the Court is not persuaded by this repetition.

Finally, Defendants argue that there is a "clear difference of judicial opinion" as manifested in contradictory opinions by the Louisiana Supreme Court, the Alabama Supreme Court, and the Maryland Supreme Court concerning whether the LHWCA pre-empts state law. However, as plaintiffs point out, Louisiana law applies to this case and decisions from other state courts have no bearing on the present matter.

The Court finds that there is no issue for interlocutory appeal because there is no substantial basis for difference of opinion, nor is there any contradictory or conflicting precedent. The law is clear and these issues were addressed more than adequately in the Court's prior ruling.

Accordingly, the Defendants' Motion is DENIED. (Doc. 168).


Signed in Baton Rouge, Louisiana on July 8th, 2013.

                                                   **JAMES J. BRADY, DISTRICT JUDGE**
                                                   **MIDDLE DISTRICT OF LOUISIANA**